| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF TEXAS<br>FORT WORTH DIVISION | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**SkyWi, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**20-1799166** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**8401 Jacksboro Highway, Suite 600<br>Fort Worth, TX**<br>ZIP CODE **76135** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Tarrant** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☒ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined by 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): **SkyWi, Inc.** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet.)

| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>**X** _____<br>                                                     Date |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

            _____

            (Name of landlord that obtained judgment)

            _____

            (Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

## Voluntary Petition
*(This page must be completed and filed in every case)*

Name of Debtor(s):  **SkyWi, Inc.**

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____

X _____

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney***

X  **/s/ Lyndel Anne Mason**

**Lyndel Anne Mason**                     Bar No. **24058913**

**Cavazos, Hendricks, Poirot & Smitham, P.C.**
**900 Jackson Street**
**Suite 570**
**Dallas, TX 75202**

Phone No.**(214) 573-7300**          Fax No.**(214) 573-7399**

09/21/2009
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**SkyWi, Inc.**

X  **/s/ D. M. Levy**
Signature of Authorized Individual

**D. M. Levy**
Printed Name of Authorized Individual

**Chief Operating Officer**
Title of Authorized Individual

**09/21/2009**
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

In re  **SkyWi, Inc.**                                              Case No. _____

(if known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| None | | | | |
| | | Total: | $0.00 | |

(Report also on Summary of Schedules)

In re  **SkyWi, Inc.**                                              Case No. _____

                                                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash of the Debtor held in the IOLTA account of Cavazos, Hendricks, Poirot & Smitham, P.C. | | $12,998.09 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | -3878 J P Morgan Chase Bank, N.A. | | $2,275.77 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Security Deposit with: Shotgun Properties, LLC 8501 Jacksboro Highway Lakeside, TX 76135 | | $3,320.00 |
| 4. Household goods and furnishings, including audio, video and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Spectrum Liability - General Business Insurance Sentinal Insurance Company, Limited Hartford Plaza, Hartford, CT 06115 Policy# 33 SBA VH8416  DV No Cash Value | | $0.00 |

In re **SkyWi, Inc.**                                     Case No. _____

                                                                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|
| | | Directors & Officers Liability Insurance<br>Carolina Casualty Insurance Company<br>4800 Touchton Rd E, Bldng 100, Suite 400<br>Jacksonville, FL 32246<br>Policy # 6881188<br>No Cash Value | $0.00 |
| 10. Annuities.  Itemize and name each issuer. | X | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | X | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 80% ownership interest in One Connect IP, Inc. (DE) - a defunct company | $0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |
| 16. Accounts receivable. | | As of 09/15/2009.<br>Most of the accounts recievables are uncollectable. | $176,523.03 |

In re  **SkyWi, Inc.**                                    Case No. _____

                                                                   (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | skywi.com website and skywi.com email addresses skywi.net website | | Unknown |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | Contracts to place and operate equipment and towers.  See Schedule G for more information regarding contracts. | | Unknown |

In re  **SkyWi, Inc.**                                    Case No. _____

                                                                        (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | Customer Lists - approximately 765 customers | | Unknown |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

In re  **SkyWi, Inc.**                                      Case No. _____
                                                                   (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 4*

| Type of Property | None | Description and Location of Property | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|
| 35. Other personal property of any kind not already listed.  Itemize. | X | | |

_____4_____ continuation sheets attached   **Total  >** $195,116.89

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

In re  **SkyWi, Inc.**                                    Case No. _____
                                                                    (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐   Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $136,875.
☐   11 U.S.C. § 522(b)(2)
☐   11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Not Applicable | | | |
| | | **$0.00** | **$0.00** |

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☑  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | Subtotal (Total of this Page) > | | | $0.00 | $0.00 |
| | | | Total (Use only on last page) > | | | $0.00 | $0.00 |

_____**No**_____ continuation sheets attached

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (12/07)

In re  **SkyWi, Inc.**                                         Case No. _____
                                                                        (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☑ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____**2**_____continuation sheets attached

In re **SkyWi, Inc.**     Case No. _____

(If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Wages, salaries, and commissions |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Don Levy**<br>**1401 Kit Carson Av SW**<br>**Albuquerque, NM 87104** | | DATE INCURRED: **05-08**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS:<br>**For deferred salary since 2005 - can be validated by reviewing historical receipts/records** | | | | $159,357.58 | $10,950.00 | $148,407.58 |
| ACCT #:<br>**John Andrew Leach**<br>**1807 Hickory Ridge Cove**<br>**Round Rock, TX  78665** | | DATE INCURRED:<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS:<br>**Salary, expenses, and insurance arising out of employment contract.** | | | X | $252,116.48 | $10,950.00 | $241,166.48 |
| ACCT #:<br>**Stephen Lee**<br>**10109 San Bernardino Drive**<br>**Albuquerque, NM 87122** | | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS:<br>**This is an obligation of One Connect IP, not SkyWi** | | | X | $45,000.00 | $10,950.00 | $34,050.00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Sheet no. ___1___ of ___2___ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals (Totals of this page) > | $456,474.06 | $32,850.00 | $423,624.06 |

Total >
(Use only on last page of the completed Schedule E.
Report also on the Summary of Schedules.)

Totals >
(Use only on last page of the completed Schedule E.
If applicable, report also on the Statistical Summary
of Certain Liabilities and Related Data.)

In re **SkyWi, Inc.**                                      Case No. _____
                                                                              (If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Taxes and Certain Other Debts Owed to Governmental Units |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Internal Revenue Service**<br>**Ogden, UT 84201** | | DATE INCURRED: **20269**<br>CONSIDERATION:<br>**Taxes**<br>REMARKS:<br>**2006 IRS Taxes**<br>**This is disputed: correct amt of taxes paid** | | | X | $0.00 | $0.00 | $0.00 |
| ACCT #:<br>**Texas Comptroller**<br>**PO BOX 149359**<br>**Austin, TX 78714-9359** | | DATE INCURRED:<br>CONSIDERATION:<br>**Taxes**<br>REMARKS:<br>**Limited sales, excise, and use Tax** | | | | $3,355.82 | $3,355.82 | $0.00 |
| ACCT #:<br>**Texas Comptroller**<br>**PO BOX 149359**<br>**Austin, TX 78714-9359** | | DATE INCURRED:<br>CONSIDERATION:<br>**Taxes**<br>REMARKS:<br>**Sales Tax** | | | | $3,142.24 | $3,142.24 | $0.00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Sheet no. ____2____ of ____2____ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | Subtotals (Totals of this page) > | $6,498.06 | $6,498.06 | $0.00 |
|---|---|---|---|---|
| | Total ><br>(Use only on last page of the completed Schedule E.<br>Report also on the Summary of Schedules.) | $462,972.12 | | |
| | Totals ><br>(Use only on last page of the completed Schedule E.<br>If applicable, report also on the Statistical Summary<br>of Certain Liabilities and Related Data.) | | $39,348.06 | $423,624.06 |

In re **SkyWi, Inc.**                                    Case No. _____
                                                                      (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**12 Acre, Inc.**<br>**1401 Kit Carson**<br>**Albuquerque, NM 87104** | | DATE INCURRED: **8/27/07**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | $96,650.00 |
| ACCT #:<br>**Alice Johnson Expenses**<br>**1401 Kit Carson**<br>**Albuquerque, NM 87104** | | DATE INCURRED: **8/27/07**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | $1,284.09 |
| ACCT #: **xxxx-xxxxxx-x3008**<br>**American Express Collection**<br>**P.O. Box 650448**<br>**Dallas, TX 75265** | X | DATE INCURRED: **4/19/06**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | $20,513.91 |
| ACCT #:<br>**American Tower**<br>**522 Virginia St SE**<br>**Albuquerque, NM 87108** | | DATE INCURRED: **12/7/7**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | $22,483.87 |
| ACCT #:<br>**Azle Communications**<br>**1417 Jackson Trail**<br>**Azle,TX 76020** | | DATE INCURRED: **7/5/05**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | $1,046.00 |
| ACCT #: **x9299**<br>**BillMax**<br>**6815 Manhattan Blvd., #330**<br>**Fort Worth, TX 76120** | | DATE INCURRED: **8/25/06**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | $1,046.56 |
| | | | | Subtotal > | | $143,024.43 |
| | | | | Total > | | |

_____5_____ continuation sheets attached

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)**

In re **SkyWi, Inc.**

Case No. _____
(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**City of Azle**<br>**613 Southeast Pkwy.**<br>**Azle TX 76020** | | DATE INCURRED: **4/18/08**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | **$270.00** |
| ACCT #:<br>**City of Lakeside**<br>**9830 Confederate Park Rd.**<br>**Lakeside, TX 76108** | | DATE INCURRED: **10/24/08**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | **$100.00** |
| ACCT #:<br>**City of Springtown**<br>**P.O.Box 444**<br>**Springtown, TX 76082** | | DATE INCURRED: **8/1/06**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | **$275.00** |
| ACCT #: **xxxx-xxx108M**<br>**Cuddy & McCarthy**<br>**Post Office Box 4160**<br>**Santa Fe, New Mexico 87502** | | DATE INCURRED: **2008/2009**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | **$168,885.36** |
| ACCT #: **xxx5-024**<br>**Data Bill**<br>**10201 N. 21st Ave., Suite 8**<br>**Phoenix, AZ 85021** | | DATE INCURRED: **12/28/07**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | **$100.00** |
| ACCT #:<br>**Data Sales**<br>**3450 W. Burnsville Pkwy**<br>**Burnsville, MN 55337** | X | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | X | **$779,096.69** |

Sheet no. ____1____ of ____5____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal > **$948,727.05**

Total >

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the**
**Statistical Summary of Certain Liabilities and Related Data.)**

In re **SkyWi, Inc.**         Case No. _____

                                                                     (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #: <br> **Defacto Wireless** <br> **12775 LBJ Drive** <br> **Brenham, TX 77833** | | DATE INCURRED: **3/14/07** <br> CONSIDERATION: **Business Debt** <br> REMARKS: | | | | $61,837.21 |
| ACCT #: **xxxxxxxxxxxxxxx2657** <br> **Dell Financial Services** <br> **P.O. Box 5275** <br> **Carol Stream, IL 60197** | | DATE INCURRED: **2006** <br> CONSIDERATION: **Business Debt** <br> REMARKS: | | | | $5,628.41 |
| ACCT #: **xxxxx6801** <br> **Deluxe Business Checks** <br> **P.O. Box 742572** <br> **Cincinnati, OH** | | DATE INCURRED: **6/6/07** <br> CONSIDERATION: **Business Debt** <br> REMARKS: | | | | $208.12 |
| ACCT #: **xxxWI01** <br> **Digital Path** <br> **275 Airpark Blvd. Ste. 500** <br> **Chico, CA 95973** | | DATE INCURRED: **7/06/06** <br> CONSIDERATION: **Business Debt** <br> REMARKS: | | | | $0.00 |
| ACCT #: <br> **Falcon Group** <br> **P.O. Box 1190** <br> **Las Vegas, NV 87701** | | DATE INCURRED: **2008** <br> CONSIDERATION: **Business Debt** <br> REMARKS: <br> **Consideration for services of Allen Witters.** | | | | $320,820.96 |
| ACCT #: **x-xSNS9** <br> **Level 3 Communications,LLC** <br> **1025 El Dorado Blvd.** <br> **Broomfield, NM 87107** | | DATE INCURRED: **6/30/07** <br> CONSIDERATION: **Business Debt** <br> REMARKS: | | | | $27,533.28 |

Sheet no. __2__ of __5__ continuation sheets attached to           Subtotal >     **$416,027.98**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                          Total >

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re **SkyWi, Inc.**                                    Case No. _____
                                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #: <br> **Lighthouse Harbor Church** <br> **1960 Long Circle** <br> **Azle,TX 76020** | | DATE INCURRED: **9/10/08** <br> CONSIDERATION: **Business Debt** <br> REMARKS: | | | | **$100.00** |
| ACCT #: <br> **Local Linux** <br> **4206 A 50th St. PMB 100** <br> **Lubbock, TX 79413** | | DATE INCURRED: **10/1/07** <br> CONSIDERATION: **Business Debt** <br> REMARKS: | | | | **$13,166.00** |
| ACCT #: **xKYWI** <br> **Marsh Cable & Connectors** <br> **P.O. Box 162299** <br> **Fort Worth TX 76161** | | DATE INCURRED: **7/1/07** <br> CONSIDERATION: **Business Debt** <br> REMARKS: | | | | **$4,450.28** |
| ACCT #: **xx7975** <br> **Patton Boggs** <br> **2550 M St. NW** <br> **Washington, D.C. 20037** | | DATE INCURRED: **2009** <br> CONSIDERATION: **Business Debt** <br> REMARKS: | | | | **$18,585.47** |
| ACCT #: <br> **Pillsbury Winthrop** <br> **400 Capitol Mall, Suite 1700** <br> **Sacramento, CA  95814** | | DATE INCURRED: **8/18/06** <br> CONSIDERATION: **Business Debt** <br> REMARKS: | | | | **$531,359.35** |
| ACCT #: **x0544** <br> **Red Condor** <br> **1300 Valley House Dr. Ste.** <br> **Rohnert Park, CA 94928** | | DATE INCURRED: **2/1/06** <br> CONSIDERATION: **Business Debt** <br> REMARKS: | | | | **$1,819.91** |

Sheet no. ___ 3 ___ of ___ 5 ___ continuation sheets attached to                    Subtotal >      **$569,481.01**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                    Total >
                        **(Use only on last page of the completed Schedule F.)**
                        **(Report also on Summary of Schedules and, if applicable, on the**
                        **Statistical Summary of Certain Liabilities and Related Data.)**

In re   **SkyWi, Inc.**                                   Case No. _____
                                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #: <br> **Richmond North** | | DATE INCURRED: <br> CONSIDERATION: <br> **Business Debt** <br> REMARKS: | | | | **$296.37** |
| ACCT #:  **xx8785** <br> **Savvis** <br> **1 Savvis Pkwy** <br> **Town & Country, MO 63017** | | DATE INCURRED:  **2007** <br> CONSIDERATION: <br> **Business Debt** <br> REMARKS: | | | | **$27,703.50** |
| ACCT #: <br> **Shotgun Properties** <br> **8501 Jacksboro Hwy.** <br> **Lakeside, TX 76135** | | DATE INCURRED:  **6/6/05** <br> CONSIDERATION: <br> **Business Debt** <br> REMARKS: | | | | **$2,677.30** |
| ACCT #:  **xxxxx5249** <br> **Sprint/Nextel** <br> **P.O. Box 8077** <br> **London, KY 76135-4351** | | DATE INCURRED:  **3/7/06** <br> CONSIDERATION: <br> **Business Debt** <br> REMARKS: | | | | **$1,255.16** |
| ACCT #:  **xx2384** <br> **Telekenex** <br> **P.O. Box 49308** <br> **San Jose, CA 95161-9308** | | DATE INCURRED:  **2009** <br> CONSIDERATION: <br> **Business Debt** <br> REMARKS: | | | | **$1.92** |
| ACCT #: <br> **The Sjobeck Company** <br> **2136 N.Sumner St., Suite B** <br> **Portland, OR 97217** | | DATE INCURRED:  **4/28/6** <br> CONSIDERATION: <br> **Business Debt** <br> REMARKS: | | | | **$3,794.00** |

Sheet no. ____**4**____ of ____**5**____ continuation sheets attached to                                   Subtotal >          **$35,728.25**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                                 Total >
                                            **(Use only on last page of the completed Schedule F.)**
                                            **(Report also on Summary of Schedules and, if applicable, on the**
                                            **Statistical Summary of Certain Liabilities and Related Data.)**

Case No. _____
                (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:  **xxxxxxxx0982**<br>**TXU**<br>**P.O. Box 650764**<br>**Dallas, TX 75265** | | DATE INCURRED:  **5/16/07**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | $33.10 |
| ACCT #:<br>**Valer Enterprises, Inc.**<br>**Michael Ashkenas**<br>**1170 Lincoln Avenue Suite #1**<br>**Holbrook, NY 11741-0119** | | DATE INCURRED:<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | $0.00 |
| ACCT #:<br>**W.W. Grainger**<br>**Dept. 874930514**<br>**P.O. Box 419267**<br>**Kansas City, MO 64141-6267** | | DATE INCURRED:  **10/1008**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | $1,017.95 |
| ACCT #:<br>**Warner Radio & Comm. Inc.**<br>**488 CR 4228,**<br>**Decatur, TX 76234** | | DATE INCURRED:  **12/17/07**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | $2,998.00 |
| ACCT #:  **xxx-xxx9730**<br>**Yellow Pages United**<br>**P.O. Box 53251**<br>**Atlanta, GA 30355** | | DATE INCURRED:  **5/26/06**<br>CONSIDERATION:<br>**Business Debt**<br>REMARKS: | | | | $888.00 |
| | | | | | | |

Sheet no. ____**5**____ of _____**5**_____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >   $4,937.05

Total >   $2,117,925.77

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the**
**Statistical Summary of Certain Liabilities and Related Data.)**

In re  **SkyWi, Inc.**                                      Case No. _____
                                                                          (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to
one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a
minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **A&M Gardens**<br>12809 Gantt Rd. S.<br>Azle, TX 76020 | Tower Rental |
| **AT&T**<br>P.O. Box 5001<br>Carol Stream, IL 60197 | Office Phones |
| **Azle Communications**<br>1417 Jackson Trail<br>Azle, TX 76020 | Tower Rental |
| **Briar Tower/Mr.Truett Reed**<br>13475 FM 730 North<br>Azle, TX 76020 | Tower Rental |
| **Briar Volunteer Fire Department (VFD)**<br>14401 Liberty School Rd.<br>Azle, TX 76020 | Tower Rental |

In re  **SkyWi, Inc.**                                    Case No. _____
                                                                        (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Continuation Sheet No. 1*

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **City of Azle**<br>613 Southeast Pkwy.<br>Azle TX 76020 | Tower Rental |
| **City of Lakeside**<br>9830 Confederate Park Rd.<br>Lakeside, TX 76108 | Tower Rental |
| **City of Reno**<br>195 West Reno Rd.<br>Reno, TX 76020 | Tower Rental |
| **City of Springtown**<br>P.O.Box 444<br>Springtown, TX 76082 | Tower Rental |
| **Data Bill**<br>10201 N. 21st Ave., Suite 8<br>Phoenix, AZ 85021 | Billing Services |

In re **SkyWi, Inc.**                    Case No. _____

                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Continuation Sheet No. 2*

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Girl Scout Camp** <br> 4901 Briarhaven Rd. <br> Fort Worth, TX 76109 | Tower Rental |
| **Level 3 Communications,LLC** <br> 1025 El Dorado Blvd. <br> Broomfield, NM 87107 | Internet Backhaul Services |
| **Lighthouse Harbor Church** <br> 1960 Long Circle <br> Azle, TX 76020 | Tower Rental |
| **Shotgun Properties** <br> 8501 Jacksboro Hwy. <br> Lakeside, TX 76135 | Office Lease |
| **Warner Radio & Communications, Inc.** <br> 487 CR 4228 <br> Decatur, TX 76234 | Tower Rental |

In re **SkyWi, Inc.**                                    Case No. _____
                                                                    (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Allen Witters**<br>P.O. Box 1190<br>Las Vegas, NM 87701 | **Data Sales**<br>3450 W. Burnsville Pkwy<br>Burnsville, MN 55337 |
| **Colleen Jamieson**<br>8401 Jacksboro Highway, Ste 600<br>Fort Worth, TX 76135 | **American Express Collection**<br>P.O. Box 650448<br>Dallas, TX 75265 |
| **Don Levy**<br>8401 Jacksboro Highway, Ste 600<br>Fort Worth, TX 76135 | **American Express Collection**<br>P.O. Box 650448<br>Dallas, TX 75265 |
| **Michael Ahola**<br>8401 Jacksboro Highway, Ste 600<br>Fort Worth, TX 76135 | **American Express Collection**<br>P.O. Box 650448<br>Dallas, TX 75265 |
| **Michael Creamer**<br>8401 Jacksboro Highway, Ste 600<br>Fort Worth, TX 76135 | **American Express Collection**<br>P.O. Box 650448<br>Dallas, TX 75265 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

In re  **SkyWi, Inc.**                                    Case No.

                                              Chapter     **7**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 5 | $195,116.89 | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | $462,972.12 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | $2,117,925.77 | |
| G - Executory Contracts and Unexpired Leases | Yes | 3 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | | | | N/A |
| | TOTAL | 20 | $195,116.89 | $2,580,897.89 | |

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ **Chief Operating Officer** _____ of the _____ **Corporation** _____
named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
_____ **22** _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 1.)

Date  **09/21/2009** _____        Signature  __/s/ D. M. Levy_____
                                                                        **D. M. Levy**
                                                                        **Chief Operating Officer**

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

In re:  **SkyWi, Inc.**                                                   Case No. _____

                                                                                                            (if known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $450,488.00 | 2007 |
| $789,250.92 | 2008 |
| $452,506.20 | 2009 YTD |

### 2. Income other than from employment or operation of business

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☑

a.  Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☐

b.  Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| Level 3 Communications,LLC 1025 El Dorado Blvd. Broomfield, NM 87107 | 09/09/09 $3,883.23 07/14/09 $3,883.23 | $7,766.64 | $27,533.28 |
| Shotgun Properties 8501 Jacksboro Hwy. Lakeside, TX 76135 | 06/23/09 $602.91 07/14/09 $2,854.59 08/18/09 $2,677.3 09/03/09 $2,320.84 | $8,455.64 | $2,677.30 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

In re: **SkyWi, Inc.**                                      Case No. _____

                                                                          (if known)

**STATEMENT OF FINANCIAL AFFAIRS**
*Continuation Sheet No. 1*

None
☐   c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors
      who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or
      not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Allen Witters**<br>**P.O. Box 1190**<br>**Las Vegas, NM 87701** | 04/10/09<br>$9,567.29<br>03/27/09<br>$2713.13<br>03/13/09<br>$671.99 | $12,952.41 | |
| **Don Levy**<br>**1401 Kit Carson**<br>**Albuquerque, NM 87104** | 02/26/09<br>$217.00<br>01/27/09<br>$240.00<br>12/28/08<br>$239.00<br>11/23/08<br>$233.00<br>10/29/08<br>$5,000.00<br>10/29/08<br>$5,000.00<br>10/28/08<br>$243.00<br>10/06/08<br>$2,663.93<br>09/25/08<br>$245.00 | $14,080.93 | $159,357.58 |
| **Falcon Group**<br>**P.O. Box 1190**<br>**Las Vegas, NV 87701** | 03/06/09<br>$5,000.00<br>02/03/09<br>$8,000.00<br>10/29/08<br>$2,375.36<br>10/27/08<br>$3,000.00<br>10/07/08<br>$1,163.06<br>09/30/08<br>$685.19<br>09/30/08<br>$527.11 | $20,750.72 | $320,820.96 |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

In re: **SkyWi, Inc.**                                    Case No. _____
                                                                        (if known)

## STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **American Towers, Inc., et al. vs. SkyWi, Inc.** | **Breach of Contract** | **District Court of Tarrant County** | **Debtor in default** |
| **Cause No. 352-233752-08** | | | |
| **SkyWi, Inc. v. Qwest Corporation** | **Clayton Act and RICO violations, tortious interference with contract** | **United States District Court for the District of Colorado** | **Default believed to be entered.** |
| **09-cv-00450-msk-cbs** | | | |

---

None ☑

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**5. Repossessions, foreclosures and returns**

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**6. Assignments and receiverships**

None ☑

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**7. Gifts**

None ☑

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**8. Losses**

None ☑

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

In re: **SkyWi, Inc.**

Case No. _____
(if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Cavazos, Hendricks, Poirot & Smitham, P.C. | $5,000.00 Retainer Fee Deposit 09/10/2009 | Retainer Fee Deposits Total: $5,000.00 + filing fee and overnight shipping  See 2016 Disclosure of Compensation for more information. |

---

**10. Other transfers**

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

**11. Closed financial accounts**

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**12. Safe deposit boxes**

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**13. Setoffs**

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**14. Property held for another person**

None ☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
|  | Various assets the Debtor has leased that are located in various locations. Debtor has a list of these assets. |  |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

In re:  **SkyWi, Inc.**                                    Case No. _____

                                                                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 4*

---

### 15. Prior address of debtor

None ☑

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

---

### 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

In re:  **SkyWi, Inc.**

Case No. _____

(if known)

# STATEMENT OF FINANCIAL AFFAIRS
Continuation Sheet No. 5

---

### 18. Nature, location and name of business

None ☐

a.  If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME, ADDRESS, AND LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN) / COMPLETE EIN | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|
| **One Connect IP, Inc.** 1730 Montano Road NW, Suite D Albuquerque, NM 87107 **#20-2985627** | **VOIP Provider** | **September 2008 - Present** |
| **Woodside Capital foreclosed on the assets of OCIP and put them into a new company, Charter Oaks, DBA as "Agavue" located at 609 Broadway Blvd. NE, Suite 202, Albuquerque, NM 87102** | | |

---

None ☑

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

---

### 19. Books, records and financial statements

None ☐

a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Colleen Jamieson** 6712 Creekside Ln. Plano, TX 75023 | **2006-2009** |
| **Darryl Ingram** 2730 North Stemmons Fwy, Suite 709 Dallas, TX 75207 | **2006-2009** |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

In re:  **SkyWi, Inc.**                                 Case No.  _____

                                                                      (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 6*

**Patty Brown**                    **2009**
**408 Mirike Dr.**
**Ft Worth, TX 76108**

---

None ☑   b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None ☐   c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

| **NAME** | **ADDRESS** |
| --- | --- |
| **SkyWi, Inc.** | **8401 Jacksboro Highway, #600** |
|  | **Fort Worth, Texas 76135** |

---

None ☑   d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

---

### 20. Inventories

None ☑   a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None ☑   b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

### 21. Current Partners, Officers, Directors and Shareholders

None ☑   a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None ☐   b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |
| **Don Levy**<br>**8401 Jacksboro Highway, Ste 600**<br>**Fort Worth, TX 76135** | **Chief Executive Officer** | **Common Stock, approx. 34%** |
| **Allen Witters**<br>**P.O. Box 1190**<br>**Las Vegas, NM 87701** | **Stockholder** | **Common Stock, approx. 34%** |
| **Scott Chandler**<br>**7903 S Franklin Court**<br>**Littleton, CO 80122** | **Director** | **0%** |

---

### 22. Former partners, officers, directors and shareholders

None ☑   a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

In re:   **SkyWi, Inc.**                                                        Case No. _____

                                                                                             (if known)

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 7*

None
☐

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME, ADDRESS AND TITLE | DATE OF TERMINATION |
|---|---|
| **Allen Witters, Director & CEO**<br>**P.O. Box 1190**<br>**Las Vegas, NM 87701** | **May 2009** |
| **Rob Chimskey, Director**<br>**9745 Los Guilicos Ave**<br>**Kenwood, CA  95452** | **May 2009** |
| **Nat Polish, Director**<br>**130 West 25th, 9th Floor**<br>**New York, NY  10001** | **May 2009** |
| **John Andrew Leach, CEO, (President*), Director**<br>**1807 Hickory Ridge Cove**<br>**Round Rock, TX  78665** | **January 2009** |

**\*note: Jack is claiming as part of his suit against**
**the company: Allen's attempt to re-install**
**himself as CEO in December 2008 and change**
**Jack's title to President.**

### 23. Withdrawals from a partnership or distributions by a corporation

None
☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

### 24. Tax Consolidation Group

None
☑

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

### 25. Pension Funds

None
☑

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   **09/21/2009** _____                  Signature   **/s/ D. M. Levy** _____

                                                                                     **D. M. Levy**
                                                                                     **Chief Operating Officer**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:   **SkyWi, Inc.**                                          CASE NO

                                                                CHAPTER   **7**

## VERIFICATION OF MAILING LIST

      In accordance with Local Rule 1002, the above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of my knowledge.  I also certify that the attached mailing list

[ X ]  is the first mailing list filed in this case.

[   ]  adds entities not listed on previously filed mailing list(s).

[   ]  changes or corrects names and address on previously filed mailing lists.

Date   09/21/2009                           Signature   **/s/ D. M. Levy**                       
                                                                   **D. M. Levy**
                                                                   ***Chief Operating Officer***

Date                                     Signature                                    

12 Acre, Inc.
1401 Kit Carson
Albuquerque, NM 87104


A&M Gardens
12809 Gantt Rd. S.
Azle, TX 76020


Alice Johnson Expenses
1401 Kit Carson
Albuquerque, NM 87104


Allen Witters
P.O. Box 1190
Las Vegas, NM 87701


American Express Collection
P.O. Box 650448
Dallas, TX 75265


American Tower
522 Virginia St SE
Albuquerque, NM 87108


AT&T
P.O. Box 5001
Carol Stream, IL 60197


Azle Communications
1417 Jackson Trail
Azle,TX 76020


Azle Communications
1417 Jackson Trail
Azle, TX 76020

BillMax
6815 Manhattan Blvd., #330
Fort Worth, TX 76120


Briar Tower/Mr.Truett Reed
13475 FM 730 North
Azle, TX 76020


Briar Volunteer Fire Department (VFD)
14401 Liberty School Rd.
Azle, TX 76020


City of Azle
613 Southeast Pkwy.
Azle TX 76020


City of Lakeside
9830 Confederate Park Rd.
Lakeside, TX 76108


City of Reno
195 West Reno Rd.
Reno, TX 76020


City of Springtown
P.O.Box 444
Springtown, TX 76082


Colleen Jamieson
8401 Jacksboro Highway, Ste 600
Fort Worth, TX 76135


Cuddy & McCarthy
Post Office Box 4160
Santa Fe, New Mexico 87502

Data Bill
10201 N. 21st Ave., Suite 8
Phoenix, AZ 85021


Data Sales
3450 W. Burnsville Pkwy
Burnsville, MN 55337


Defacto Wireless
12775 LBJ Drive
Brenham, TX 77833


Dell Financial Services
P.O. Box 5275
Carol Stream, IL 60197


Deluxe Business Checks
P.O. Box 742572
Cincinnati, OH


Digital Path
275 Airpark Blvd. Ste. 500
Chico, CA 95973


Don Levy
1401 Kit Carson Av SW
Albuquerque, NM 87104


Don Levy
8401 Jacksboro Highway, Ste 600
Fort Worth, TX 76135


Falcon Group
P.O. Box 1190
Las Vegas, NV 87701

Girl Scout Camp
4901 Briarhaven Rd.
Fort Worth, TX 76109


Internal Revenue Service
Ogden, UT 84201


John Andrew Leach
1807 Hickory Ridge Cove
Round Rock, TX  78665


Level 3 Communications,LLC
1025 El Dorado Blvd.
Broomfield, NM 87107


Lighthouse Harbor Church
1960 Long Circle
Azle,TX 76020


Lighthouse Harbor Church
1960 Long Circle
Azle, TX 76020


Local Linux
4206 A 50th St. PMB 100
Lubbock, TX 79413


Marsh Cable & Connectors
P.O. Box 162299
Fort Worth TX 76161


Michael Ahola
8401 Jacksboro Highway, Ste 600
Fort Worth, TX 76135

Michael Creamer
8401 Jacksboro Highway, Ste 600
Fort Worth, TX 76135


Patton Boggs
2550 M St. NW
Washington, D.C. 20037


Pillsbury Winthrop
400 Capitol Mall, Suite 1700
Sacramento, CA  95814


Red Condor
1300 Valley House Dr. Ste.
Rohnert Park, CA 94928


Richmond North


Savvis
1 Savvis Pkwy
Town & Country, MO 63017


Shotgun Properties
8501 Jacksboro Hwy.
Lakeside, TX 76135


Sprint/Nextel
P.O. Box 8077
London, KY 76135-4351


Stephen Lee
10109 San Bernardino Drive
Albuquerque, NM 87122

Telekenex
P.O. Box 49308
San Jose, CA 95161-9308


Texas Comptroller
PO BOX 149359
Austin, TX 78714-9359


The Sjobeck Company
2136 N.Sumner St., Suite B
Portland, OR 97217


TXU
P.O. Box 650764
Dallas, TX 75265


Valer Enterprises, Inc.
Michael Ashkenas
1170 Lincoln Avenue Suite #1
Holbrook, NY 11741-0119


W.W. Grainger
Dept. 874930514
P.O. Box 419267
Kansas City, MO 64141-6267


Warner Radio & Comm. Inc.
488 CR 4228,
Decatur, TX 76234


Warner Radio & Communications, Inc.
487 CR 4228
Decatur, TX 76234


Yellow Pages United
P.O. Box 53251
Atlanta, GA 30355